UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
VIRLYN WILLIAMS,

                Plaintiff,                             12 CV 1881 (SJ) (VVP)

                                                                      MEMORANDUM
                    v.                                  AND ORDER


LUTHERAN MEDICAL CENTER and
1199 SEIU HEALTH CARE WORKERS EAST,

                Defendants.
---------------------------------------------------X
A P P E A R A N C E S

LAW OFFICE OF LOCKSLEY O. WADE, LLC
11 Broadway
Suite 615
New York, NY 10004
By:    Locksley O. Wade
*Attorney for the Plaintiff*

CLIFTON BUDD & DEMARIA, LLP
420 Lexington Avenue
Suite 420
New York, NY 10170
By:    Scott M. Wich
*Attorneys for Defendant*
*Lutheran Medical Center*

LEVY RATNER, P.C.
80 Eighth Avenue, 8th Floor
New York, NY 10011
By:    Richard L. Dorn
*Attorneys for Defendant*
*1199 SEIU Health Care Workers East*

JOHNSON, Senior District Judge:

Presently before the Court is Plaintiff Virlyn Williams' motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. (See Dkt. No. 45, Pl.'s Mem.) For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

Defendant Lutheran Medical Center ("Lutheran") employed Plaintiff as a Senior Nursing Assistant from July 21, 1999 to July 1, 2010. (See Compl. ¶ 8.) On July 1, 2010, Lutheran fired her. (Id. ¶ 12.) In the letter of termination, Lutheran stated that it fired Plaintiff for providing inadequate help to a patient and then intimidating her when she complained. (See Compl. Ex. 1 at 1–3.) Plaintiff responded by asking her labor union, Defendant 1199 SEIU United Healthcare Workers East ("SEIU"), to file a grievance challenging her termination under the applicable bargaining agreement. (See Compl. ¶ 13.) SEIU pursued her grievance until arbitration, at which point it refused to go any further. (Id.) Plaintiff pursued administrative appeals until October 17, 2011, when SEIU informed her that the appeals board had upheld the union's decision not to arbitrate the termination. (Id. ¶ 14.)

On April 16, 2012, Plaintiff, through her then-attorney Joel M. Gluck, filed the instant action, alleging, inter alia, unlawful employment practices and breach of the duty of fair representation. (Id. ¶ 1.) On June 7, 2012, Magistrate Judge Pohorelsky entered an order scheduling the initial conference for August 21, 2012,

requiring all parties to make initial disclosures no less than five days before the conference. (See June 7, 2012 DE.) Gluck sought and received adjournment of the initial conference, which was rescheduled for October 4, 2012. (See Dkt. No. 3 & Aug. 16, 2012 DE.) For unexplained reasons, Gluck failed to appear. The Magistrate ordered him to provide initial disclosures by October 12, 2012 or face sanctions. (See Dkt. No. 11.) Plaintiff did not comply with the Magistrate's order. On October 18, 2012, Defendants made a motion for sanctions. (See Dkt. Nos. 12 & 13.) The Magistrate granted the motion for sanctions on November 5, 2012 and ordered Plaintiff to provide initial disclosures by November 12, 2012, warning that failure to comply could result in the dismissal of her claim. (See Dkt. No. 14.) Plaintiff did not provide the disclosures, and Defendants filed motions to dismiss the action on November 16 and 19, 2012. (See Dkt. Nos. 17 & 18.) Plaintiff did not oppose the motions. On December 10, 2012, the Magistrate recommended that the action be dismissed with prejudice. (See Dkt. No. 19, the "Report".) Plaintiff did not file any objections within the required time frame, and on January 9, 2013, this Court adopted the Report and dismissed the case with prejudice. (See Dkt. Nos. 21 & 22.)

On September 9, 2014, Plaintiff filed an affidavit seeking restoral of her case, stating that Gluck did not inform her that her case was in default. She claimed she did not learn that her case was dismissed until August of 2014, when she retained a different attorney, Locksley O. Wade. (See Dkt. No. 24, Pl.'s Aff. ¶ 2; see also In re

requiring all parties to make initial disclosures no less than five days before the conference. (See June 7, 2012 DE.) Gluck sought and received adjournment of the initial conference, which was rescheduled for October 4, 2012. (See Dkt. No. 3 & Aug. 16, 2012 DE.) For unexplained reasons, Gluck failed to appear. The Magistrate ordered him to provide initial disclosures by October 12, 2012 or face sanctions. (See Dkt. No. 11.) Plaintiff did not comply with the Magistrate's order. On October 18, 2012, Defendants made a motion for sanctions. (See Dkt. Nos. 12 & 13.) The Magistrate granted the motion for sanctions on November 5, 2012 and ordered Plaintiff to provide initial disclosures by November 12, 2012, warning that failure to comply could result in the dismissal of her claim. (See Dkt. No. 14.) Plaintiff did not provide the disclosures, and Defendants filed motions to dismiss the action on November 16 and 19, 2012. (See Dkt. Nos. 17 & 18.) Plaintiff did not oppose the motions. On December 10, 2012, the Magistrate recommended that the action be dismissed with prejudice. (See Dkt. No. 19, the "Report".) Plaintiff did not file any objections within the required time frame, and on January 9, 2013, this Court adopted the Report and dismissed the case with prejudice. (See Dkt. Nos. 21 & 22.)

On September 9, 2014, Plaintiff filed an affidavit seeking restoral of her case, stating that Gluck did not inform her that her case was in default. She claimed she did not learn that her case was dismissed until August of 2014, when she retained a different attorney, Locksley O. Wade. (See Dkt. No. 24, Pl.'s Aff. ¶ 2; see also In re

Gluck, 114 F. Supp. 3d 57, 61 (E.D.N.Y. 2015).) On December 15, 2016, Wade filed the instant Rule 60(b)(6) motion for relief from judgment. (See Dkt No. 45.) Defendants filed motions in opposition in January 2017. (See Dkt. Nos. 46 & 47.)

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides that:

> "On motion and on just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b). Relief from judgment pursuant to Rule 60(b) is a fact-specific inquiry within the discretion of the district court. Cobos v. Adelphi Univ., 179 F.R.D. 381, 388 (E.D.N.Y. 1998) (quoting In re Emergency Beacon, 666 F.2d 754, 760 (2d Cir. 1981)) ("[W]hile any Rule 60(b) motion is addressed to the sound discretion of the trial court, judicial discretion 'is especially broad under clause (6) to accomplish justice.'"). "To grant relief from a final order pursuant to Rule 60(b), a court must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possesses a meritorious claim in the first instance." Id. at 385.

Plaintiff seeks relief under Rule 60(b)(6), claiming that Gluck's neglect constitutes an extraordinary circumstance justifying relief. Plaintiff's claim fails. Rule 60(b)(6) is a catch-all provision that allows a court to relieve a party from a final judgment for "any other reason that justifies relief" not already mentioned in Rule 60(b)(1) through (5). Rule 60(b)(6) relief is proper only in cases "of extraordinary circumstances, or extreme hardship," a requirement which normally excludes cases of alleged attorney failure or misconduct. Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004) (citations omitted) ("Generally, it is well established . . . that a proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship . . . In typical civil proceedings, [the court] very rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct."). Attorney neglect may constitute an extraordinary circumstance only where the client "acted diligently in attempting to contact his attorney," and "the interest in deciding the case on the merits outweigh[s] the interest in finality." Philips Lighting Co. v. Schneider, 636 Fed. App'x 54, 57 (2d Cir. 2016); see also Vindigni v. Meyer, 441 F.2d 376, 377–78 (2d Cir. 1971) (granting relief where plaintiff's attorney entirely disappeared, plaintiff made significant efforts to find attorney and plaintiff had a meritorious claim).

Plaintiff has not made a sufficient showing of the required factors. She gives no specific dates for when she attempted to contact Gluck, nor does she say when he told her that her case was taken off the calendar. Nor does Plaintiff claim that she

was incapacitated or otherwise incapable of seeking to contact Gluck or represent her own interests.  Cf. DeMarco v. Hartford Life & Acc. Ins. Co., 2014 WL 3490481, at *1–2 (E.D.N.Y. July 11, 2014) (finding plaintiff's claim time-barred because she could not prove that she had a mental illness preventing her from filing on time).

Moreover, the "interest in deciding [this] case on the merits" does not "outweigh[] the interest in finality." Philips Lighting, 636 Fed. App'x at 57; see also FirstStorm Partners 2, LLC v. Vassel, 2013 WL 654396, at *17 (E.D.N.Y. Feb. 21, 2013) (citing Cobos, 179 F.R.D. at 389) ("[T]he movants . . . must still show that they possess a meritorious claim before they can prevail.").  Plaintiff's former attorney correctly informed her that the union had discretion not to proceed with arbitration, rendering a breach of the duty of fair representation claim against SEIU unlikely to succeed.  See, e.g., Vaca v. Sipes, 386 U.S. 171, 195 (1967) ("[T]he individual employee has no absolute right to have his grievance arbitrated under the collective bargaining agreement [and] a breach of the duty of fair representation is not established merely by proof that the underlying grievance was meritorious."); Cruz v. Local No. 3, 34 F.3d 1148, 1153–54 (2d Cir. 1994) ("[T]he duty of fair representation is not breached where the union fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance.").  Plaintiff's claim against Lutheran is similarly unlikely to succeed as the hospital cited a legitimate, non-discriminatory reason for firing her.  See Brierly v. Deer Park Union Free Sch. Dist., 359 F. Supp.

6

2d 275, 291 (E.D.N.Y. 2005) ("[T]he employer's burden of showing a legitimate non-discriminatory reason for its actions is not a particularly steep hurdle. It is not a court's role to second-guess an employer's personnel decisions, even if foolish, so long as they are non-discriminatory.").

Further, Plaintiff's claim is untimely. Rule 60(c)(1) requires that 60(b) motions for relief from judgment be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). The definition of "reasonable time" is within a court's discretion to determine case by case. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988) ("Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just, provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."). Plaintiff filed the instant motion nearly four years after the case's dismissal, and six years after her termination. This delay is not reasonable. See, e.g., Truskoski v. ESPN, 60 F.3d 74, 76 (2d Cir. 1995) (finding employment motion filed eighteen months after grounds for motion became apparent not filed within a "reasonable time" under 60(b)(6)); Johannes Baumgartner Wirtschafts-und Vermögensberatung GmbH v. Salzman, 969 F. Supp. 2d 278, 293 (E.D.N.Y. 2013) (finding delay of twenty-two months not within a reasonable time).

Accordingly, relief pursuant to Rule 60(b)(6) is not warranted, and Plaintiff's motion is denied.[1]

## **CONCLUSION**

For the aforementioned reasons, Plaintiff's motion is DENIED. Any of Plaintiff's remaining arguments have been considered and are without merit.

SO ORDERED.

Dated: July 2, 2018
      Brooklyn, New York                           /s/
                                                        Sterling Johnson, Jr., U.S.D.J.

---

[1] Nor is Plaintiff entitled to relief under Rule 60(b)(1)'s "mistake, inadvertence, surprise, or excusable neglect" standard. See, e.g., United States v. Cirami, 535 F.2d 736, 739 (2d Cir. 1976) ("This Circuit has rather consistently refused to relieve a client [under Rule 60(b)(1)] of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's . . . inability to efficiently manage his caseload."); Wan v. U.S. Postal Serv., 2018 WL 1785485, at *5 (E.D.N.Y. Apr. 13, 2018) (same).